FILED
May 07, 2018
03:12 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Elizabeth Scharmberg,<br>Employee, | ) | Docket No. 2018-06-0151 |
| v. | ) | State File No. 56955-2016 |
| Kroger Co.,<br>Employer. | ) | Judge Robert Durham |

## EXPEDITED HEARING ORDER GRANTING BENEFITS
## (DECISION ON THE RECORD)

This case came before the Court for an expedited hearing. Under Rule 0800-02-21-.02(14), Ms. Scharmberg requested the Court issue a decision on the record, and Kroger did not object. On April 24, 2018, the Court sent a docketing notice to the parties regarding the contents of the record. Neither party objected to any of the documents listed in the docketing notice. Considering the record, the Court concludes it needs no further information to make a judgment.

The sole issue is whether Ms. Scharmberg is entitled to pain management treatment from Dr. James Eby as recommended by authorized physician Dr. Tarek Elalayli. The Court holds that Ms. Scharmberg established she would likely prevail at trial regarding this issue and orders Kroger to authorize treatment with Dr. Eby.

### History of Claim

On July 26, 2016, Ms. Scharmberg tripped and fell while working for Kroger. She claimed multiple injuries, and Kroger accepted her claim as compensable. Kroger initially authorized Dr. Howard Nevels to provide treatment. When conservative treatment failed to alleviate her pain, Dr. Nevels referred her for pain management. Kroger provided a panel, and Ms. Scharmberg chose Dr. Jeffrey Hazlewood.

Dr. Hazlewood evaluated Ms. Scharmberg in November 2016. He determined that she needed to see an orthopedic surgeon to evaluate her condition and stated he would see her back "as needed."

1

Kroger then authorized Ms. Scharmberg to treat with orthopedist Damon Petty, M.D. Dr. Petty determined that her complaints were primarily due to cervical radiculopathy, which he related to her work accident, and he recommended she see a spine specialist.

Kroger provided a panel of neurosurgeons, and Ms. Scharmberg chose Dr. Gray Stahlman. For unexplained reasons, Dr. Stahlman did not see her, so Ms. Scharmberg then chose Dr. Robert Weiss. Dr. Weiss believed that her cervical spine issues were "long-standing and degenerative," and he had nothing to offer her.

Despite Dr. Weiss' opinion, Kroger offered another panel of neurosurgeons, and Ms. Scharmberg selected Dr. Elalayli. Dr. Elalayli felt that Ms. Scharmberg should avoid cervical spine surgery, and on November 29, 2017, he referred her to physiatrist James Eby, M.D., for pain management. Kroger did not offer a panel of physicians within three business days of Dr. Elalayli's referral. However, Kroger refused to authorize Dr. Eby, stating that Dr. Hazlewood was already her authorized physiatrist. On January 24, 2018, Dr. Elalayli completed a referral to Dr. Hazlewood, stating that Dr. Hazlewood saw Ms. Scharmberg in the past. Ms. Scharmberg requests that Kroger authorize Dr. Eby.

### Findings of Fact and Conclusions of Law

Ms. Scharmberg need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Two statutory sections are relevant to the issue at hand: Tennessee Code Annotated sections 50-6-204(3)(A)(ii) and 50-6-204(E). They respectively state:

> When necessary, the treating physician selected in accordance with this subdivision (a)(3)(i) shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer. The employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups[.]

And,

> In all cases where the treating physician has referred the employee to a [specialist], the [specialist] to which the employee has been referred, or

2

selected by the employee from a panel provided by the employer, shall become the treating physician until treatment by the [specialist] concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel[.]

Here, Kroger does not dispute that Dr. Elalayli was Ms. Scharmberg's authorized physician at the time he referred her to Dr. Eby. Further, Kroger did not object to Dr. Eby within three business days. Thus, under the plain language of 50-6-204(3)(A)(ii), Kroger accepted Dr. Eby as Ms. Scharmberg's authorized physician for pain management.

Nonetheless, Kroger argues that the statute is inapplicable, since Ms. Scharmberg previously chose Dr. Hazlewood for pain management. However, 50-6-204(E) states that once an authorized physician refers the employee to a specialist, that specialist becomes the authorized physician until the employee is *referred back* to the original doctor. Thus, Dr. Hazlewood's status as the authorized physician ended once he referred Ms. Scharmberg to an orthopedist.

Kroger might argue that Dr. Elalayli has now referred Ms. Scharmberg back to Dr. Hazlewood, thus once again making him the authorized physician as contemplated by 50-6-204((E). However, the Court finds this argument unpersuasive for two reasons. One, 50-6-204(3)(A)(ii) would be severely undermined if an employer were allowed to circumvent the three-day requirement by urging the referring specialist to change his referral weeks or even months after the fact. Second, once Dr. Elalayli referred Ms. Scharmberg to Dr. Eby and Kroger failed to object within three days, Dr. Eby, not Dr. Elalayli became the physician authorized by statute to provide Ms. Scharmberg's treatment. Kroger introduced no proof that Dr. Eby referred Ms. Scharmberg to Dr. Hazlewood. Thus, the Court rejects Kroger's position and holds that Dr. Eby is Ms. Scharmberg's authorized physician for pain management.

IT IS, THEREFORE, ORDERED that:

1. Kroger shall authorize Dr. Eby to provide Ms. Scharmberg with reasonable and necessary medical care for her work-related injury.

2. This matter is set for a Scheduling Hearing on June 21, 2018, at 9:30 a.m. C.S.T. **You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

3

The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov

**ENTERED THIS THE 7th DAY OF MAY, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical records of Dr. Tarek Elalayli
2. Employer's Choice of Physician form dated 9-24-2017
3. Medical record of Dr. Robert Weiss
4. Choice of Physician Form dated 7-27-2017
5. Choice of Physician Form dated 5-23-2017
6. Medical records of Dr. Damon Petty
7. Medical records of Dr. Harold Nevels
8. First Report of Injury
9. Wage Statement
10. Medical records of Dr. Jeffrey Hazlewood
11. Affidavit of Elizabeth Scharmberg

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with attached affidavit
4. Ms. Scharmberg's Position Statement
5. Kroger's Position Statement

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the 7th day of May, 2018.

| Name | Certified Mail | Email | Email Address |
|------|------|-------|---------------|
| Andrea Meloff | | X | ameloff@ddzlaw.com |
| Heather H. Douglas | | X | hdouglas@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries      $ _____ per month     Telephone    $ _____ per month

    Electricity     $ _____ per month     School Supplies $ _____ per month

    Water        $ _____ per month     Clothing     $ _____ per month

    Gas          $ _____ per month     Child Care   $ _____ per month

    Transportation  $ _____ per month     Child Support  $ _____ per month

    Car          $_____ per month

    Other       $ _____ per month (describe: _____ )

10. Assets:

    Automobile        $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House            $ _____     (FMV) _____

    Other            $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____